968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry O'Keith WALKER, Defendant-Appellant.
 No. 91-2161.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry O'Keith Walker, a pro se federal prisoner, appeals a district court order of forfeiture filed pursuant to 21 U.S.C. § 853(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1989, Walker was convicted by a jury of conspiracy to distribute cocaine and crack cocaine from 1984 through November 1988. Per an agreement by both the prosecution and Walker's attorney at the trial, the issue of whether Walker's 1988 Cadillac would be forfeited under § 853(a)(1) was a question left to the trial judge. The district court ordered the forfeiture of Walker's 1988 Cadillac because the car had been used to facilitate Walker's drug dealings and was paid for from the proceeds of an illegal occupation. In addition, he was sentenced to serve 30 years imprisonment.
 
 
 3
 Walker appealed his conviction and the order of forfeiture. This court affirmed Walker's conviciton and the imposition of his sentence under the Sentencing Guidelines but remanded the forfeiture question for clarification of "the basis for the district court's decision that forfeiture of the Cadillac was mandated." After both parties submitted supplemental briefs, the district court judge determined that a hearing on the forfeiture issue was not necessary and found that the court's original order of forfeiture was proper primarily based on § 853(a)(1) of the statute. The district court also found that the testimony introduced at the trial rendered forfeiture proper pursuant to § 853(a)(2).
 
 
 4
 Walker has filed a timely appeal. Although he was initially represented by counsel on his direct appeal, he is now proceeding pro se. Walker argues: 1) that he never waived a jury trial on the forfeiture issue, 2) that he is entitled to have a jury render its decision on the forfeiture count, and 3) that the testimony relied upon by the district court in its order clarifying the forfeiture was either inadmissible or improperly credited by the court. Walker requests leave to proceed in forma pauperis, the appointment of counsel and a transcript at government expense.
 
 
 5
 Upon review, we conclude that the district court's order of forfeiture under 21 U.S.C. § 853(a)(1) and (2) was proper for those reasons set forth in the district court's order and opinion filed September 23, 1991.
 
 
 6
 Accordingly, we grant Walker's motion to proceed in forma pauperis, deny all other forms of relief and affirm the judgment of the district court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.